UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    Case No. 8:90-CR-38-T-15B

GUILLERMO GIL a/k/a "Memo"
_____/

O R D E R

Before the Court is Defendant's motion styled "Post Conviction Motion Pro Se under Apprendi's Law to Dismiss with Supporting Memorandum of Law" (D-322).

Defendant pled guilty on July 5, 1990, as to Count One of the Indictment for possession with the intent to distribute 5 kilograms or more of cocaine. On January 28, 1991, the Court sentenced Defendant to a term of imprisonment of 420 months. The Eleventh Circuit Court of Appeals affirmed his conviction and sentence on February 11, 1993.

Defendant filed a motion pursuant to 28 U.S.C. § 2255 in September 1992, alleging that his guilty plea was invalid as it was the result of coercion and duress. Defendant further alleged ineffective assistance of counsel in failing to raise duress as a defense and instead advising him to plead guilty. The Court denied the motion in July 1993. Defendant filed an

appeal which was eventually voluntarily dismissed.

In January 1996, Defendant filed a motion pursuant to 18 U.S.C. § 3582. Based thereon, in March 1996, the Court reduced Defendant's sentence to 329 months. In February 2006, Defendant filed a motion allegedly seeking relief pursuant to Fed.R.Civ.P. 60(b)(4). Defendant argued that the Court lacked "exclusive territorial, legislative, criminal or subject matter jurisdiction." Additionally, Defendant argued that the Court enhanced Defendant's sentence in violation of United States v. Booker, 543 U.S. 220 (2005). The Court dismissed the motion for lack of jurisdiction. The Eleventh Circuit denied Defendant's request for a certificate of appealability.

Defendant, whose projected release date is December 13, 2013, returns to the Court, more than 20 years after his sentencing, seeking to dismiss the Indictment. Defendant essentially contends that the Court lacked jurisdiction to sentence Defendant because the 1990 Indictment failed to include the type and quantity of drugs charged in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). He also contends that 21 U.S.C. §§ 841(a) and (b) are facially unconstitutional.

Regardless of how Petitioner has characterized his

2

motion, he is essentially attempting to file a § 2255 motion.[1] Specifically, Petitioner attacks his conviction and claims that the Indictment was defective.  He appears to claim that his conviction and sentence violate the Fifth and Sixth Amendments.  The motion, therefore, is more appropriately classified as a § 2255 motion.

Petitioner's conviction became final in 1993.  AEDPA, which established the one-year statute of limitations, did not become effective until April 24, 1996.  Where, as here, the Petitioner's conviction became final prior to the effective date of AEDPA, the one year statute of limitations for filing § 2255 motions expired on April 23, 1997. Goodman v. United States, 151 F.3d 1335 (11th Cir. 1998) (a one-year period, commencing on the AEDPA's enactment date, April 24, 1996, constitutes a "reasonable time" for those prisoners whose convictions became final prior to the enactment to file for relief under 28 U.S.C. § 2255).  As Petitioner's conviction became final prior to the effective date of AEDPA, he had until April 23, 1997 to file his § 2255 motion.  Petitioner is

---

[1] District courts "have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990).

therefore time-barred because he filed the instant § 2255 motion on April 2, 2011, nearly 14 years after the expiration of the one-year grace period.   As such, the Court lacks jurisdiction to consider the motion.

In any event, even if the Court had jurisdiction over Defendant's motion, Defendant would not be entitled to the relief he seeks.   First, _Apprendi_ claims are not jurisdictional.  _United States v. Ford_, 270 F.3d 1346, 1347 (11th Cir. 2001) (per curiam); _United States v. Hamm_, 269 F.3d 1247, 1249 (11th Cir. 2001); _McCoy v. United States_, 266 F.3d 1245 (11th Cir. 2001).  Second, _Apprendi_ is not retroactive to cases on collateral review.  _McCoy_, 266 F.3d at 1255.  Third, the Eleventh Circuit has held that § 841(a)(1)(a) and (b) are not unconstitutional.  _United States v. Candelario_, 240 F.3d 1300 (11th Cir. 2000); _Ford_, 270 F.3d at 1347.  As such, Defendant would not be entitled to be released in any event.

4

The Court ORDERS as follows:

(1)  Defendant's motion styled "Post Conviction Motion Pro Se under Apprendi's Law to Dismiss with Supporting Memorandum of Law" (D-322) is DISMISSED.

Tampa, Florida this ___7th___ day of April, 2011.


WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE